IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

       Plaintiff,

 v.

EVAN SCHMIDT,

       Defendant.

OPINION & ORDER

14-cr-129-jdp

---

  Defendant Evan Schmidt was convicted of one count of distributing child pornography in violation of 18 U.S.C. § 2252(a)(2). His advisory sentencing range was 210 to 240 months. I sentenced him to 96 months of imprisonment, well below the advisory range. Schmidt has now filed a motion to reduce his sentence in light of a recent amendment to the U.S. Sentencing Guidelines. Dkt. 38. He styles the motion as one under 28 U.S.C. § 2255, and the court opened a separate civil case for it (17-cv-858-jdp), but I will construe it as a motion brought under § 3582(c)(2), the proper vehicle for a request for a sentence reduction following changes to the guidelines. *See United States v. Monroe*, 580 F.3d 552, 558 (7th Cir. 2009).

  Schmidt contends that his sentence should be lowered as a result of a 2016 amendment to § 2G2.2(b)(3)(B) of the guidelines. Section 2G2.2(b)(3)(B) allows for a five-level enhancement if the distribution of child pornography was in exchange for any valuable consideration, other than pecuniary gain (which would result in an even greater enhancement). In 2016, this section was amended to clarify that the enhancement applies only if "the defendant agreed to an exchange with another person under which the defendant knowingly distributed to that other person for the specific purpose of obtaining something of valuable consideration from that other person." The amendment clarifies "the mental state required . .

. particularly when the case involves a file-sharing program or network." U.S. Sentencing Comm'n, *Amendments to the Sentencing Guidelines* 12 (2016).[1] The amendment makes clear that unwitting distribution, which sometimes results from the use of file-sharing programs, does not warrant the enhancement.

The 2016 amendment does not allow for a sentence reduction for Schmidt for two reasons. First, even as amended, § 2G2.2(b)(3)(B) still applies to Schmidt's conduct. Schmidt knowingly exchanged child pornography with specific individuals over email—his distribution was not done unwittingly through the default settings of a file-sharing program, the type of situation the amendment addressed.

Second, the amendment is not retroactive, and therefore a reduction under § 3582(c)(2) is unavailable. *See* U.S.S.G. § 1B1.10(a)(1), (d). Schmidt argues that the amendment *is* retroactive because it is a clarifying amendment. But clarifying amendments do not allow for sentence reduction under § 3582(c)(2). Rather, clarifying amendments are only retroactive in the sense that when a court is sentencing a defendant "based on an edition of the guidelines that is no longer in force" (but that was in force when the offense was committed), it may use a "clarifying guideline [that] precedes the sentence." *United States v. Alexiander*, 553 F.3d 591, 592 (7th Cir. 2009) (citing U.S.S.G. § 1B1.11(b)(2)). In other words, were I to sentence Schmidt today, I could refer to the 2016 amendment to § 2G2.2(b)(3)(B) when applying the 2013 edition of the guidelines. But the amendment would not allow me to reduce Schmidt's sentence now, after imposing it.

---

[1] *Available at* https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/20160428_RF.pdf.

ORDER

IT IS ORDERED that:

1. Defendant Evan Schmidt's motion for sentence reduction under 18 U.S.C. § 3582(c)(2), Dkt. 38, is DENIED.

2. The clerk of court is directed to docket a copy of this order in case number 17-cv-858-jdp and administratively close that case.

Entered November 17, 2017.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge